**MISSOURI PACIFIC RAILROAD CO.,**
**Appellee,**

v.

**HEART OF AMERICA SHIPPERS AS-**
**SOCIATION, INC., Appellant.**

**No. 73-1295.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1973.

Decided Dec. 11, 1973.

Ronald N. Cobert, Washington, D. C., for appellant.

Kent Snapp, Kansas City, Mo., for appellee.

Before LAY and HEANEY, Circuit Judges, and HARPER, Senior District Judge.*

PER CURIAM.

Defendant, Heart of America Shippers Association, Inc., a nonprofit shipper's association, appeals from a judgment of $125,112.93 which allegedly accrued for tariff undercharges due the Missouri Pacific Railroad Co. for the movement of trailers in piggy-back service. Jurisdiction is premised under 49 U.S.C. §§ 6(1)-(11) and 28 U.S.C. § 1337. The case was tried to the district court and the district judge found against the defendant shipper and en-

---

* ROY L. HARPER, Senior District Judge, Eastern District of Missouri, sitting by designation.

tered judgment accordingly. The defendant appeals on the ground that the Interstate Commerce Commission tariff is ambiguous and must be strictly construed against the carrier who framed the tariff and that estoppel should apply under the facts existing. We affirm the judgment of the district court for the reasons set forth in the trial judge's memorandum opinion. See Quincy R.R. v. Ready Mixed Concrete Co., 487 F.2d 1263 (8th Cir., 1973).[1]

Judgment affirmed.

1. The shipper urges that a recent decision of the ICC, Jersey Shippers Pooling Ass'n v. The Alton & Southern R. R., No. 35499 (Sept. 17, 1973), supports its argument that the tariff is ambiguous and should accordingly be construed in favor of the shipper. The facts in the ICC decision are clearly distinguishable. Furthermore, the tariff involved there was a "carrier convenience rule," whereas in the instant case the erroneous practices of the carrier and shipper benefited the shipper as well as the carrier. The record also demonstrates that the illegal practices involved here were orally initiated by the parties and their continuance was insisted upon by the shipper, Heart of America Shippers Association, Inc.,